UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CURTIS GORDON**  CIVIL ACTION

**VERSUS**  NO. 24-2136

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.**  SECTION "G" (5)

## ORDER

Before the Court is Plaintiff Curtis Gordon's ("Plaintiff") objection[1] to the Report and Recommendation of the Magistrate Judge assigned to this case. The Magistrate Judge recommended that the case be dismissed because Plaintiff has not complied with two Court orders requiring him to perfect service on the defendants.[2] Plaintiff objects to the Report and Recommendation, and he argues the case should not be dismissed.[3] However, Plaintiff he does not include any information on attempts made to serve the defendants.

A district court has "broad discretion to dismiss an action for ineffective service of process."[4] If the plaintiff fails to serve a defendant within 90 days of filing, Federal Rule of Civil Procedure 4(m) allows a court to dismiss a suit without prejudice.[5] However, "if the plaintiff shows good cause for the failure, the court shall extend the time for service to an appropriate period."[6] "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable

---

[1] Rec. Doc. 26.

[2] Rec. Doc. 25.

[3] Rec. Doc. 26.

[4] *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

[5] Fed. R. Civ. P. 4(m).

[6] *Id.*

neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[7] Even absent a showing of good cause, a court has the discretion to extend the deadline to serve process.[8]

Plaintiff was granted pauper status in this lawsuit. Therefore, he is entitled to have service effected by the United States Marshal.[9] That fact, however, does not relieve Plaintiff of all responsibility regarding service. Rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge."[10] Dismissal is appropriate when service has not been properly effected due to the inaction or dilatoriness of a plaintiff proceeding in forma pauperis.[11]

This case has been pending since August 2024.[12] The Magistrate Judge issued two Orders requiring Plaintiff to show cause why the case should not be dismissed for failure to prosecute.[13] Plaintiff responded to both orders, but he failed to show any steps taken to effect service.[14] In the objections to the Report and Recommendation, Plaintiff again fails to show any steps taken to effect service.

More than a year has elapsed since this lawsuit was filed in August 2024. Despite the passage of that extensive period of time, Plaintiff has not provided this Court or the United States

---

[7] *Gartin v. Par Pharm. Co., Inc.*, 289 Fed. App'x. 688, 692 (5th Cir. 2008) (citation omitted).

[8] *Dotson v. Tunica-Biloxi Gamming Comm'n*, 835 Fed. App'x. 710, 713 (5th Cir. 2020) (citing *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)).

[9] Fed. R. Civ. P. 4(c)(3).

[10] *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

[11] *Id.*

[12] Rec. Doc. 1.

[13] Rec. Docs. 19, 22.

[14] Rec. Docs.

Marshal with the information necessary to effect service on Defendants nor has he attempted to remedy any defect in service himself. Plaintiff has been provided ample notice and opportunity to effect service. Therefore, the failure to serve Defendants results not from the actions or inactions of the Court or the United States Marshal, but rather solely from the inaction and dilatoriness of Plaintiff, who has apparently taken no action to effect service. Without service on Defendants, this lawsuit cannot move forward.

Despite being given express notice that his claims against Defendants could be dismissed unless Plaintiff provided the required information or showed good cause for failing to do so, Plaintiff has failed to cure any defects in service. Therefore, this Court finds that dismissal of the claims against Defendants is now appropriate.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute under Federal Rule of Civil Procedure 4(m).

**NEW ORLEANS, LOUISIANA,** this  19th  day of September, 2025.

                                          **NANNETTE JOLIVETTE BROWN**
                                          **UNITED STATES DISTRICT JUDGE**